IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ABDI YASIN-AWKEDIR** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | **NO. 09-2051** |
| v. | : | |
| | : | **PLAINTIFF'S PETITION TO** |
| **RITZ-CARLTON HOTEL CO., LLC** | : | **AMEND COMPLAINT** |
| **Defendant** | : | |

Plaintiff, Abdi Yasin-Awkedir, by and through his attorney, Charles S. Cooper, Esquire, hereby submit the following Petition to Amend Complaint and in support thereof avers as follows:

1. This action arises from injuries Plaintiff sustained in a slip and fall accident on Defendants' property caused by a leak in the ceiling of the grand stairway near the lobby of Defendant's hotel on April 5, 2007.

2. In his Complaint, Plaintiff alleged that "for a substantial time period prior to April 5, 2007, Defendants had in fact known that this water intrusion occurred after power washing the exterior of the building in the past. The Defendants failed to make repairs and make the area safe for persons such as the Plaintiff." *See Complaint attached hereto as Exhibit A.*

3. On June 10, 2009, Plaintiff propounded a Request for Production of Documents and Other Tangible Things to Defendant asking it to produce, among other things, documents/records that relate to Plaintiff's allegation that Defendant was on notice of a leak in the grand stairway ceiling prior to Plaintiff's fall. *See Plaintiff's Request for Production of Documents #18 attached hereto as Exhibit B.*

4.On January 7, 2010, in response to Plaintiff's discovery request #18, Defendant answered "See attached" and produced photographs, witness statements, a security report, and a report from director of loss prevention; however, **no maintenance records pertaining to the area of the leak were produced** in response to Plaintiff's request. *See Defendant's Response to Request for Production of Documents attached hereto as Exhibit C.*

5.On November 5, 2009, at his deposition, Defendant's maintenance supervisor, Charles Shanahan, testified that as early as 2006, he became aware of water migration from power washing causing a leak in the ceiling above the grand stairway where water would drip onto the marble steps and that prior to Plaintiff's fall, the leak in the ceiling was "common knowledge within the hotel." *See Deposition Transcript of Charles Shanahan, pg 32-35, 63-64 attached hereto as Exhibit D.*

6.On November 16, 2009, Plaintiff propounded a Request for Production of Documents and Other Tangible Things, Second Set to Defendant asking in relevant part (#2):

> For the time period of January, 2006 to the present, kindly produce all records, including, but not limited to the Engineering Department, of repairs and inspection of the area where Plaintiff's accident occurred concerning water migration due to power washing as testified to by Charles Shanahan at his deposition on November 5, 2009.

*See Plaintiff's Request for Production of Documents, Second Set attached hereto as Exhibit E.*

7.On January 7, 2010, in response to Plaintiff's Set Two of Request for Production of Documents #2, Defendant answered,

> Defendant objects to this request to the extent that it is beyond the scope of Plaintiff's allegations, irrelevant to the subject matter of this action/or not reasonably calculated to lead to discovery of admissible evidence. Without waiver of the foregoing objection, see attached.

and produced a July 26, 2005 cost proposal relating to the caulking of the horizontal joint in the "Broad Street portico" submitted by Melrose Enterprises; again, **no maintenance records pertaining to the area of the leak were produced** in response to Plaintiff's request.

*See Defendant's Response to Request for Production of Documents attached hereto as Exhibit F.*

8. On January 21, 2010, at the deposition of Philip Taylor, Plaintiff's counsel initiated a discussion on the record with defense counsel and the conversation was transcribed as follows:

> **Mr. Cooper:** So you know, counsel and I have had a lengthy conversation and she has supplied me with a document that I believe I didn't have, but in fact I have. And I have asked her for maintenance records for maintenance that the hotel would have performed in 2006 in the subject area. She is telling me that …
>
> **Ms. Saltz:** There are no documents with regard to that maintenance, however, we are looking into one other area and that are logs with regard to the painters to see if there is any reference to any kind of caulking done in the area of the grand staircase.
>
> **Mr. Cooper:** In 2006?
>
> **Ms. Saltz:** In 2006 and 2007 and those documents will be produced if they in fact exist.
>
> **Mr. Cooper:** No problem. Thank you.

*See Deposition Transcript of Philip Taylor, pg. 57-58 attached hereto as Exhibit G.*

9. On April 27, 2010, after Plaintiff's many requests for the maintenance records, and responses by Defendant that they did not exist, Defendant finally produced 623 pages of maintenance records pertaining to inspections of, and repairs done within, the hotel.

10. After review of the maintenance records produced by Defendant, it is evident that no inspection of the ceiling above the grand staircase was ever done and no repairs to that area

where ever made despite the fact that Mr. Shanahan, Defendant's maintenance supervisor, testified that the leak was common knowledge within the hotel that the ceiling above the grand stairway was a troubled area.

11. Because of the fact that Defendants knew **since at least 2006** that the ceiling above the grand stairway was susceptible to leaking due to water migration following a power washing of the exterior of the hotel and **did not endeavor to regularly inspect the area and repair it** when it posed a serious risk to business invitees such as Plaintiff, Plaintiff seeks leave of this Honorable Court to amend his Complaint to add a count for punitive damages against Defendant.

12. A party may amend its pleading with the Court's leave, which should be freely given when justice so requires. F.R.C.P. 15(a)(2); Foman v. Davis, 371 U.S. 178 (1962).

13. The Third Circuit Court of Appeals has identified "undue delay, bad faith, dilatory motive, prejudice, and futility" as factors justifying a court's decision to deny a party leave to amend his Complaint. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

14. *Only* when these factors suggest that amendment of the Complaint would be unjust should the Court deny leave to amend. Id.

15. In the instant case, based on the evidence produced during discovery proving that (1) Defendant knew there was a leak affecting the ceiling above the marble grand stairway, (2) that it was common knowledge among employees that it was a dangerous condition, and (3) that there are no records to document that Defendant inspected the area in question or repaired it, there is abundant evidence to support allegations that Defendant was grossly negligent and recklessly indifferent to the danger posed to business invitees warranting punitive damages. *See Proposed Amended Complaint attached hereto as Exhibit H.*

16. As such, since Plaintiff only just received the maintenance records from Defendant despite his numerous requests since the beginning of discovery, Plaintiff's Petition to Amend is timely and not in bad faith; therefore, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Petition to Amend Complaint to add a count for punitive damages arising from Defendant's egregious conduct as set forth above.

**WHEREFORE**, Plaintiff, Abdi Yasin-Awkedir, respectfully requests that this Honorable Court grant Plaintiff's Petition to Amend Complaint.

**COOPER & SCHALL, P.C.**

_____
CHARLES S. COOPER, ESQUIRE
Attorney for Plaintiff
1831 Chestnut Street, Second Floor
Philadelphia, PA 19103
(215)561-3313

Dated: June 3, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDI YASIN-AWKEDIR **Plaintiff** | : : : | CIVIL ACTION |
| v. | : : | NO. 09-2051 |
| RITZ-CARLTON HOTEL CO., LLC **Defendant** | : : : | **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PETITION TO AMEND** |

Plaintiff, Abdi Yasin-Awkedir, by and through his attorney, Charles S. Cooper, Esquire, hereby submit the following Memorandum of Law in Support of Plaintiff's Petition to Amend Complaint and in support thereof avers as follows:

## I. MATTER BEFORE THE COURT

The matter before this Honorable Court is Plaintiff's Memorandum of Law in Support of Plaintiff's Petition to Amend Complaint.

## II. QUESTION PRESENTED

Should Plaintiff be permitted leave to amend his Complaint to plead a count for punitive damages in light of facts newly discovered in recently produced discovery responses?

**Suggested Answer: Yes.**

## III. STATEMENT OF FACTS

This action arises from injuries Plaintiff sustained in a slip and fall accident on Defendants' property caused by a leak in the ceiling of the grand stairway near the lobby of Defendant's hotel on April 5, 2007.

In his Complaint, Plaintiff alleged that "for a substantial time period prior to April 5, 2007, Defendants had in fact known that this water intrusion occurred after power washing the exterior of the building in the past. The Defendants failed to make repairs and make the area safe for persons such as the Plaintiff." *See Complaint attached hereto as Exhibit A.*

On June 10, 2009, Plaintiff propounded a Request for Production of Documents and Other Tangible Things to Defendant asking it to produce, among other things, documents/records that relate to Plaintiff's allegation that Defendant was on notice of a leak in the grand stairway ceiling prior to Plaintiff's fall. *See Plaintiff's Request for Production of Documents #18 attached hereto as Exhibit B.*

On January 7, 2010, in response to Plaintiff's discovery request #18, Defendant answered "See attached" and produced photographs, witness statements, a security report, and a report from director of loss prevention; however, **no maintenance records pertaining to the area of the leak were produced** in response to Plaintiff's request. *See Defendant's Response to Request for Production of Documents attached hereto as Exhibit C.*

On November 5, 2009, at his deposition, Defendant's maintenance supervisor, Charles Shanahan, testified that as early as 2006, he became aware of water migration from power washing causing a leak in the ceiling above the grand stairway where water would drip onto the marble steps and that prior to Plaintiff's fall, the leak in the ceiling was "common knowledge

within the hotel." *See Deposition Transcript of Charles Shanahan, pg 32-35, 63-64 attached hereto as Exhibit D.*

On November 16, 2009, Plaintiff propounded a Request for Production of Documents and Other Tangible Things, Second Set to Defendant asking in relevant part (#2):

> For the time period of January, 2006 to the present, kindly produce all records, including, but not limited to the Engineering Department, of repairs and inspection of the area where Plaintiff's accident occurred concerning water migration due to power washing as testified to by Charles Shanahan at his deposition on November 5, 2009.

*See Plaintiff's Request for Production of Documents, Second Set attached hereto as Exhibit E.*

On January 7, 2010, in response to Plaintiff's Set Two of Request for Production of Documents #2, Defendant answered,

> Defendant objects to this request to the extent that it is beyond the scope of Plaintiff's allegations, irrelevant to the subject matter of this action/or not reasonably calculated to lead to discovery of admissible evidence. Without waiver of the foregoing objection, see attached.

and produced a July 26, 2005 cost proposal relating to the caulking of the horizontal joint in the "Broad Street portico" submitted by Melrose Enterprises; again, **no maintenance records pertaining to the area of the leak were produced** in response to Plaintiff's request.

*See Defendant's Response to Request for Production of Documents attached hereto as Exhibit F.*

On January 21, 2010, at the deposition of Philip Taylor, Plaintiff's counsel initiated a discussion on the record with defense counsel and the conversation was transcribed as follows:

> **Mr. Cooper:** So you know, counsel and I have had a lengthy conversation and she has supplied me with a document that I believe I didn't have, but in fact I have. And I have asked her for

maintenance records for maintenance that the hotel would have performed in 2006 in the subject area. She is telling me that ...

**Ms. Saltz:**   There are no documents with regard to that maintenance, however, we are looking into one other area and that are logs with regard to the painters to see if there is any reference to any kind of caulking done in the area of the grand staircase.

**Mr. Cooper:** In 2006?

**Ms. Saltz:**   In 2006 and 2007 and those documents will be produced if they in fact exist.

**Mr. Cooper:** No problem. Thank you.

*See Deposition Transcript of Philip Taylor, pg. 57-58 attached hereto as Exhibit G.*

On April 27, 2010, after Plaintiff's many requests for the maintenance records, and responses by Defendant that they did not exist, Defendant finally produced 623 pages of maintenance records pertaining to inspections of, and repairs done within, the hotel.

After review of the maintenance records produced by Defendant, it is evident that no inspection of the ceiling above the grand staircase was ever done and no repairs to that area where ever made despite the fact that Mr. Shanahan, Defendant's maintenance supervisor, testified that the leak was common knowledge within the hotel that the ceiling above the grand stairway was a troubled area.

Because of the fact that Defendants knew **since at least 2006** that the ceiling above the grand stairway was susceptible to leaking due to water migration following a power washing of the exterior of the hotel and **did not endeavor to regularly inspect the area and repair it** when it posed a serious risk to business invitees such as Plaintiff, Plaintiff seeks leave of this Honorable Court to amend his Complaint to add a count for punitive damages against Defendant.

## IV. **LEGAL ARGUMENT**

Since Defendants knew that the ceiling above the grand stairway was susceptible to leaking due to water migration following a power washing of the exterior of the hotel and did not endeavor to regularly inspect the area and repair it when it posed a serious risk to business invitees such as Plaintiff, Plaintiff seeks leave of this Honorable Court to amend his Complaint to add a count for punitive damages against Defendant.

A party may amend its pleading with the Court's leave, which should be freely given when justice so requires. F.R.C.P. 15(a)(2); Foman v. Davis, 371 U.S. 178 (1962). The Third Circuit Court of Appeals has identified "undue delay, bad faith, dilatory motive, prejudice, and futility" as factors justifying a court's decision to deny a party leave to amend his Complaint. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). Only when these factors suggest that amendment of the Complaint would be unjust should the Court deny leave to amend. Id.

In the instant case, based on the evidence produced during discovery proving that (1) Defendant knew there was a leak affecting the ceiling above the marble grand stairway, (2) that it was common knowledge among employees that it was a dangerous condition, and (3) that there are no records to document that Defendant inspected the area in question or repaired it, there is abundant evidence to support allegations that Defendant was grossly negligent and recklessly indifferent to the danger posed to business invitees warranting punitive damages. *See Proposed Amended Complaint attached hereto as Exhibit H.*

As such, since Plaintiff only just received the maintenance records from Defendant despite his numerous requests since the beginning of discovery, Plaintiff's Petition to Amend is timely and not in bad faith; therefore, Plaintiff respectfully requests that this Honorable Court

grant Plaintiff's Petition to Amend Complaint to add a count for punitive damages arising from Defendant's egregious conduct as set forth above.

    **WHEREFORE**, Plaintiff, Abdi Yasin-Awkedir, respectfully requests that this Honorable Court grant Plaintiff's Petition to Amend Complaint.

                                    **COOPER & SCHALL, P.C.**

                                    _____
                                    CHARLES S. COOPER, ESQUIRE
                                    Attorney for Plaintiff
                                    1831 Chestnut Street, Second Floor
                                    Philadelphia, PA 19103
                                    (215)561-3313

Dated: June 3, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDI YASIN-AWKEDIR | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | NO. 09-2051 |
| v. | : | |
| | : | **CERTIFICATION OF SERVICE** |
| RITZ-CARLTON HOTEL CO., LLC | : | |
| Defendant | : | |

I, Charles S. Cooper, Esquire, counsel for Plaintiff, Abdi Yasin-Awkedir, hereby state that a true and correct copy of Plaintiff's Petition to Amend Complaint was served on the counsel below via electronic filing:

Veronica Saltz, Esquire
Saltz Polisher, P.C.
993 Old Eagle School Road, Suite 412
Wayne, PA 19086

COOPER & SCHALL, P.C.

_____
CHARLES S. COOPER, ESQUIRE
Attorney for Plaintiff
1831 Chestnut Street, Second Floor
Philadelphia, PA 19103
(215)561-3313

Dated: June 3, 2010