IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDI YASIN-AWKEDIR, | : CIVIL ACTION |
| Plaintiff, | : |
| v. | : |
| THE RITZ-CARLTON HOTEL CO., LLC, | : |
| Defendant. | : NO.: 09-2051 |

**AMENDED PRETRIAL MEMORANDUM BY DEFENDANT**
**THE RITZ CARLTON HOTEL CO., LLC**

Defendant The Ritz-Carlton Hotel Co., LLC ("Ritz Carlton"), by and through its counsel, hereby submits its Amended Pretrial Memorandum in accordance with Local Rule of Civil Procedure 16.1(c).

**I.  NATURE OF ACTION AND BASIS OF JURISDICTION**

This premises liability negligence action arises as a result of plaintiff slipping and falling allegedly on water resulting from a leak in the ceiling at the Ritz Carlton on April 5, 2007.  At the time of the accident, plaintiff was an employee of Ameripark, Inc., the parking valet service for the Ritz Carlton.

This Court has original jurisdiction pursuant to 28 U.S.C. §1332 in that the alleged amount in controversy exceeds the sum of $75,000, exclusive of interest and costs and is between a citizen and corporation of different states, to wit:  plaintiff is a citizen of the Commonwealth of Pennsylvania and defendant Ritz Carlton is a Delaware corporation with its principal place of business located in the State of Maryland.

1

II.     **COUNTER STATEMENT OF FACTS**

On the day of plaintiff's slip and fall accident (April 5, 2007), plaintiff had been employed by Ameripark as a valet at the hotel for approximately 11 months. The accident allegedly occurred while plaintiff was descending the second landing of the grand stairway, claiming he had slipped on the second step as a result of water. Immediately following the accident, hotel personnel inspected the area of plaintiff's fall and did not find any water. The Ritz Carlton hotel is located in a historical building which is over 100 years old. At the time of plaintiff's accident, the hotel had been experiencing some intermittent water seepage in the vicinity of plaintiff's fall after the front exterior of the building was power washed by an outside company. The hotel was aware of the issue and was continuously attempting to make repairs to resolve the problem. After power washing, the hotel staff would inspect the grand stairway every hour or so to ensure that there was no water seeping and to take appropriate action if necessary. There is an issue of fact as to whether plaintiff's fall occurred as a result of water as plaintiff alleges or due to the fast pace in which he was descending the stairway where, as an employee, he should not have been.

Following the subject accident, plaintiff was taken to Thomas Jefferson Hospital where he was diagnosed with cervical strain and a lumbar contusion with a return to work in 14 days. In addition to the 2004 lumbar MRI, plaintiff also had a lumbar MRI performed in May 2007 (approximately one month following the accident) and again in February 2008. A comparison of the three MRIs shows no re-injury, no additional disc herniation and that the pre-existing herniation appears to have diminished, demonstrating that the disc herniation at L5-S1 preceded the October 2004 MRI and preceded by two

years the April 2007 injury. A cervical MRI was also performed following the subject accident in August 2007 which was normal. In comparing plaintiff's medical records from the previous unrelated 2004 slip and fall accident with the records from the April 2007 slip and fall accident including objective medical tests, there is no evidence of any new injury or aggravation of a pre-existing injury. At best, plaintiff sustained soft tissue injuries to his cervical spine and a contusion on his lumbar spine.

Plaintiff workers' compensation lien is $167,560.60. However, based on the medical records, plaintiff failed to disclose his pre-existing medical condition to the comp carrier's physician who apparently relied on only the 2007 MRI in finding plaintiff unable to perform his job duties.

### III.  MONETARY DAMAGES CLAIMED

Not applicable to defendant.

### IV.  WITNESSES

#### A.  Liability Witnesses

1. Abdi Yasin-Awkedir, Plaintiff
   706 North 44th Street
   Philadelphia, PA 19104

2. Charles R. Shanahan
   Asst. Dir. Of Eng. & Chief Eng.
   10 Avenue of the Arts
   Philadelphia, PA 19102

3. Sonata Asmara
   Need his address

4. Philip Taylor
   10 Avenue of the Arts
   Philadelphia, PA 19102

    5.      Mare Smith
           10 Avenue of the Arts
           Philadelphia, PA 19102

    6.      Lorraine Robinson
           10 Avenue of the Arts
           Philadelphia, PA 19102

    7.      Camron Ka'apana
           Director of Loss Prevention
           Ritz Carlton Laguna Niguel
           One Ritz Carlton Drive
           Dana Point, CA 92629

    8.      William Peelle
           135 Charles Street, Apt. # 3A
           New York, NY 10014

**B.**     **Damages Witnesses**

    1.      Stephen L. Fedder, M.D.
           Chief of Neurosurgery
           Lankenau Hospital
           100 East Lancaster Avenue, Suite 655
           Wynnewood, PA  19096

    2.      Chad Staller, J.D., M.B.A.,M.A.C.
           The Center for Forensic Economic Studies
           1608 Walnut Street
           Suite 801
           Philadelphia, PA 19103

    3.      Menachem Meller, M.D.
           2 Meridian Boulevard, 2nd Floor
           Wyomissing, PA  19610

    4.      Representative of RJ Investigations
           Brandywine Street
           Philadelphia, PA

Defendant reserves the right to call any witness listed by plaintiff at the time of trial and reserves the right to supplement its list of witnesses.

V.  **SCHEDULE OF EXHIBITS**

    D-1    Photographs and Enlargements of Accident Area

    D-2    Photographs and Enlargement reenacting plaintiff's position at time of accident on stairway

    D-3    EOD Log Book dated 1/28/06 through 11/18/06

    D-4    EOD Log Book dated 11/29/06 through 10/31/07

    D-5    Incident Report

    D-6    Medical Records of Thomas Jefferson University Hospital

    D-7    Medical Records of Brent Weinerman, DO/Allied Medical Associates

    D-8    Medical Records of Rittenhouse Square Imaging

    D-9    Medical Records of Vincent L. Ferrara, MD

    D-10    Medical Records of Michael J. Polino, DC

    D-11    Medical Records of Main Line Spine

    D-12    Medical Records of Philadelphia Pain Management

    D-13    Medical Records of David N. Bosacco, MD

    D-14    Medical Records of Delaware Pain Management

    D-15    Medical bills

    D-16    Employment Records from E-Z Park

    D-17    Letter regarding employment records from Towne Park

    D-18    Letter regarding employment records from LAZ Parking

    D-19    Letter regarding employment records from The Phoenix

    D-20    Plaintiff's 2006 Tax Return

    D-21    Plaintiff's 2007 Tax Return

D-22   Curriculum Vitae of Stephen L. Fedder, M.D.

D-23   Expert Report of Stephen L. Fedder, M.D.

D-24   Curriculum Vitae of Chad A. Staller, J.D., M.B.A.,M.A.C.

D-25   Expert Report of Chad A. Staller, J.D., M.B.A., M.A.C.

D-26   Resume of Charles R. Shanahan

D-27    Commendation Letters to Charles R. Shanahan

D-28   Plaintiff's Discovery Requests and Defendant's Discovery Responses

D-29   Defendant's Discovery Requests and Plaintiff's Discovery Responses

D-30   Plaintiff's Complaint

D-31   Defendant's Answer to Plaintiff's Complaint

D-32   Deposition transcript of Plaintiff

D-33   Deposition transcript of Plaintiff from 2006

D-34   Deposition transcript of Sonata Asmara

D-35   Deposition transcript of Camron Ka'apana

D-36   Deposition transcript of Lorraine Robinson

D-37   Deposition transcript of Mare Smith

D-38   Deposition transcript of Phillip Taylor

D-39   Deposition transcript of William Peelle

D-40   Deposition transcript of Charles R. Shanahan

D-41   Affidavit of Charles R. Shanahan

D-42   Plaintiff's Amended Complaint

D-43   Defendant's Answer to Plaintiff's Amended Complaint

D-44   Records received from Central Parking System

D-45 Report of Independent Medical Examination performed on September 10, 2008 by Menachem Meller, M.D.

D-46 Physician's Affidavit of Recovery completed by Menachem Meller, M.D.

D-47 Report of surveillance by RJ Investigations dated September 10, 2008

D-48 Video of surveillance procured by RJ Investigations

D-49 Employee Verification of Employment dated February 24, 2009

Defendant reserves the right to rely upon all exhibits listed by plaintiff at the time of trial and reserves the right to supplement its list of exhibits.

## VI.   ESTIMATE OF TRIAL TIME

Five (5) days.

## VII.   SPECIAL COMMENTS

None.

Respectfully submitted,

s/Veronica W. Saltz, Esquire
Veronica W. Saltz, Esquire
Alyssa N. Pianelli, Esquire
Attorney I.D. Nos. 52931/200556
SALTZ POLISHER P.C.
993 Old Eagle School Rd., Suite 412
Wayne, PA 19086
(610) 964-3333

Attorneys for Defendant
The Ritz-Carlton Hotel Co., LLC

Dated:  July 28, 2010

**CERTIFICATE OF SERVICE**

      I, Veronica W. Saltz, attorney for Defendant The Ritz-Carlton Hotel Co., LLC, do hereby certify that on July 28, 2010, I caused a true and correct copy of the foregoing *Defendant's Amended Pretrial Memorandum* to be filed via the Official Court Electronic Document Filing System, and that said document is therefore available for viewing and downloading from the ECF system. By virtue of this filing, service upon the following counsel, being an Electronic Case Filing User, is complete upon counsel's receipt of the Court's e-mail notification of the Notice of Electronic Filing:

> Charles S. Cooper, Esquire
> Cooper & Schall, P.C.
> 1831 Chestnut Street
> Second Floor
> Philadelphia, PA 19103

                                      s/Veronica W. Saltz
                                      Veronica W. Saltz, Esquire